UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATED OF AMERICA | No. CR 10-0186 MHP |
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. | **Re:** Motion to Disqualify |
| SUN KEUNG LEE | |
| Defendant. | |

  The United States has moved to disqualify Steven Gruel from representing defendant Sun Keung Lee. The parties have fully briefed the issue. At the court's request, the United States produced certain documents for *in camera* review, which the court has reviewed. The court heard argument on the motion at a hearing on November 29, 2010. For the reasons specified at the hearing and summarized below, the court grants the motion and disqualifies Mr. Gruel from representing defendant in this case.

  Mr. Gruel served as an assistant United States attorney (AUSA) from February 1987 to January 2005. From 2000 until around the time he left the United States attorney's office, Mr. Gruel worked on a criminal investigation of Sun Keung Lee and his alleged associates. While that investigation initially focused on credit card fraud, by sometime in 2000 it expanded to include investigation of alleged drug trafficking by Lee and his associates. The investigation addressed evidence of the transport of illegal drugs – specifically marijuana – by Lee and his associates across the international border from British Columbia, Canada, into the State of Washington in the United

States, for subsequent distribution within the United States. Mr. Gruel was aware of the marijuana and referenced it in an application for a pen register related to the credit card fraud investigation.

In December 2004, Mr. Gruel approved a criminal complaint charging Sun Keung Lee, Sandy Ru Zhong, and Eva Eng with credit card fraud. That complaint was the initial charging document that led to the credit card fraud indictment of Lee, Zhong, and Eng in Case No. CR 05-0123 MHP, which remains pending before this court as to Lee. (Zhong and Eng were previously convicted in that case.) Mr. Gruel acknowledges that his previous work as an AUSA bars him from representing Lee in that case, and Lee has retained another attorney to represent him in it.

In 2010, a grand jury returned the indictment in the instant case, which charges Lee with conspiracy to import, distribute, and attempt to distribute MDMA. The United States alleges that from at least September 2009 until February 2010, defendant conspired to import MDMA across the Canadian border and into the United States, for distribution in the United States. Mr. Gruel seeks to represent defendant in the instant case. The United States has moved to disqualify him.

Under California Rule of Professional Conduct 3-310(E),[1] an attorney who previously represented a client adverse to the attorney's new client is barred from accepting the new employment where there is a substantial relationship between the subjects of the prior and the new representations. Under the governing caselaw, a substantial relationship exists whenever the subjects of the prior and the current representations are linked in some rational manner. *See e.g.*, *Knight v. Ferguson*, 149 Cal.App.4th 1207, 1213 (2007). The substantial relationship test is broad and not limited to the strict facts, claims, and issues involved in a particular action. *Id.*

The substantial relationship test is satisfied here. Mr. Gruel was actively and personally involved as an AUSA in the government's investigation of alleged criminal activity by Lee and his associates. Mr. Gruel was aware that the investigation also involved, among other things, evidence of cross-border drug trafficking by Lee and others, in which the targets of the investigation were believed to be transporting illegal drugs from Canada to the United States for distribution in the United States. In the instant case, Lee is charged with cross-border drug trafficking and is alleged to have conspired with others to import illegal drugs into the United States from Canada in order to

2

distribute them within the United States, albeit MDMA rather than marijuana. These links between the investigation on which Mr. Gruel worked as an AUSA and the instant case mean that there is a substantial relationship between Mr. Gruel's prior representation of the United States in its investigation of Lee and his current effort to represent Lee in the instant case.

At a practical level, it seems impossible to isolate the instant case from the 2005 credit card fraud indictment that is currently pending before this same court. For example, any plea negotiations in either of the cases would seem almost certain to implicate the other case, since parties typically wish to resolve multiple pending criminal matters in a "package" deal. Even if such a "package" deal proved impossible or undesirable for either party, counsel for Lee in either case would surely have to consider the other case in evaluating a potential settlement of one of the cases, and that consideration would necessarily involve communication between counsel for Lee in the two cases. Given these practical links between the two cases, the court fails to see how Mr. Gruel could represent defendant in the instant case when he acknowledges that he is barred from having anything to do with the 2005 credit card fraud case. Where the substantial relationship test is satisfied, as it is here, "access to confidential information by the attorney in the course of the first representation (relevant, by definition, to the second representation), is <u>presumed</u>, and disqualification of the attorney's representation of the second client is mandatory[.]"*Med-Trans Corp. v. City of California City*, 156 Cal.App.4th 655, 665 (2007) (emphasis in original).

Lastly, at the hearing and in his papers, Mr. Gruel assures the court that he has no present recollection of being privy to any confidential information regarding the government's investigation into Lee's alleged drug-related criminal activities. Docket No. 26 (Gruel Dec.) ¶¶ 4, 5. Whether Mr. Gruel has any present recollection is not dispositive here. *See, e.g. Rosenfeld Constr. Co. v. Super. Ct.*, 235 Cal.App.3d 566, 576 (1991) ("We find no authority that supports the notion that, standing alone, the present recollection of the members of the firm is an adequate criterion."); *see Global Van Lines, Inc. v. Super. Ct.*, 144 Cal.App.3d 483, 488 (1983) (finding that notwithstanding an attorney's claims of no present recollection, it is not unreasonable to impute receipt of confidential information where it would have been logical for the attorney to have received such information in the course of

his employment.)  There remains the distinct possibility that Mr. Gruel's memory may be triggered at any point as the two cases against Mr. Lee develop.  Accordingly, the Court hereby disqualifies Mr. Gruel from representing defendant in the instant case.

IT IS SO ORDERED.

Dated: January 5, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

## ENDNOTES

1. Mr. Gruel is a member of the State Bar of California, and the California Rules of Professional Conduct are binding on all members of the State Bar. Cal. Rules of Prof'l Conduct 1-100(A). Independently, they are binding in this action under Criminal Local Rule 2-1 and Civil Local Rule 11-4(a)(1).